**O**
**JS-6**

cc: order, docket remand letter to
Los Angeles Superior Court, No BC 487171

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTAY HYDRAULICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAFETY-KLEEN SYSTEMS, INC., <br><br> Defendant. | Case No. 2:12-cv-7357-ODW(VBKx) <br><br> **ORDER REMANDING CASE** |

Upon sua sponte review of Safety-Kleen Systems, Inc.'s removal papers, the Court finds that it lacks subject-matter jurisdiction and must remand the case.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

Subject-matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Safety-Kleen premises its removal solely on diversity jurisdiction.

///

Diversity jurisdiction exists for all suits, including class-action suits, where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). But multiple plaintiffs may not aggregate their claims against defendants—to reach the $75,000 threshold—unless they have a single title or right in a common and undivided interest. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 943–44 (9th Cir. 2001).

Alternatively, plaintiffs may establish diversity jurisdiction under the Class Action Fairness Act ("CAFA"). Under CAFA, diversity jurisdiction exists in "mass action" suits so long as the following requirements are met: (1) 100 or more plaintiffs; (2) common questions of law or fact between plaintiffs' claims; (3) minimal diversity, where at least one plaintiff is diverse from one defendant; (4) aggregated claims in excess of $5 million; and (5) at least one plaintiff's claim exceeding $75,000. 28 U.S.C. § 1332(d); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

In its removal papers, Safety-Kleen alleges that Otay has placed, in the aggregate, more than $5 million in controversy, but fails to allege that the amount in controversy for any individual Plaintiff exceeds $75,000.[1] (Notice of Removal ¶ 17.) This does not suffice. Under Ninth Circuit law, individual plaintiffs must still meet the $75,000 amount-in-controversy requirement in a CAFA mass action: "'*jurisdiction* shall *exist* only over those plaintiffs whose claims in a mass action satisfy the [in excess of $75,000] jurisdictional amount.'" *Abrego*, 443 F.3d at 687 (alteration in original) (citing 28 U.S.C. § 1332(d)(11)(B)(i)). While it is unclear whether each individual plaintiff in a mass action has to meet the $75,000 amount-in-controversy requirement, it is clear that at least one plaintiff must meet that requirement. *Id.* at 689 ("We do conclude . . . that the case cannot go forward unless there is *at least* one plaintiff whose claims can remain in federal court.").

---

[1] Otay is a California corporation with its principal place of business in San Diego, California. (Compl. ¶ 6.) Safety Kleen is a Wisconsin corporation with its principal place of business in Plano, Texas. (Compl. ¶7.) Minimal diversity therefore exists in this matter.

      Examining the Complaint and Safety-Kleen's removal papers, the Court finds no evidence suggesting that any class member would be entitled to more than $75,000 in damages. Otay bring this class-action suit for breach of contract; unlawful, unfair, and fraudulent business practices; false and misleading statements; and breach of the duty of good faith and fair dealing because Safety-Kleen charged and collected two unlawful fees: a "fuel surcharge" and a "late payment fee." (Compl. ¶ 2.) Otay does not state the amount of the fuel surcharge, but alleges that the late fee is a uniform $25. (Compl. ¶ 25.) Neither Otay's Complaint nor Safety-Kleen's removal papers suggest that either of these charges would have resulted in more than $75,000 in damages with respect to Otay or any other putative class member since the date the agreements at issue were entered into in 2008. (*See* Compl. ¶ 1.)

      Based on Otay's and Safety-Kleen's allegations thus far, the Court finds that no putative class member's claim—not just under a preponderance, but with legal certainty—could possibly exceed $75,000. Accordingly, as a regular class-action suit, there is no diversity jurisdiction here under § 1332(a). The Court therefore **REMANDS** this case to Los Angeles Superior Court for lack of subject-matter jurisdiction. The Clerk of Court shall close this case.

      **IT IS SO ORDERED.**

September 25, 2012

                                        _____
                                          **OTIS D. WRIGHT, II**
                                  **UNITED STATES DISTRICT JUDGE**