**O**

**JS-6**

cc: order, docket remand letter to
Los Angeles Superior Court, No BC 487171

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTAY HYDRAULICS, INC., | Case No. 2:12-cv-7357-ODW(VBKx) |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| SAFETY-KLEEN SYSTEMS, INC., | |
| Defendant. | |

Upon sua sponte review of Safety-Kleen Systems, Inc.'s removal papers, the Court finds that it lacks subject-matter jurisdiction and must remand the case.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

Subject-matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Safety-Kleen premises its removal solely on diversity jurisdiction.

/ / /

1      Diversity jurisdiction exists for all suits, including class-action suits, where "the

2  matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

3  costs," and is between parties with diverse citizenship.  28 U.S.C. § 1332(a).  But

4  multiple plaintiffs may not aggregate their claims against defendants—to reach the

5  $75,000 threshold—unless they have a single title or right in a common and undivided

6  interest.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 943–44 (9th Cir. 2001).

7      Alternatively, plaintiffs may establish diversity jurisdiction under the Class

8  Action Fairness Act ("CAFA").  Under CAFA, diversity jurisdiction exists in "mass

9  action" suits so long as the following requirements are met: (1) 100 or more plaintiffs;

10  (2) common questions of law or fact between plaintiffs' claims; (3) minimal diversity,

11  where at least one plaintiff is diverse from one defendant; (4) aggregated claims in

12  excess of $5 million; and (5) at least one plaintiff's claim exceeding $75,000.  28

13  U.S.C. § 1332(d); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

14      In its removal papers, Safety-Kleen alleges that Otay has placed, in the

15  aggregate, more than $5 million in controversy, but fails to allege that the amount in

16  controversy for any individual Plaintiff exceeds $75,000.[1]  (Notice of Removal ¶ 17.)

17  This does not suffice.  Under Ninth Circuit law, individual plaintiffs must still meet

18  the $75,000 amount-in-controversy requirement in a CAFA mass action:

19  "'*jurisdiction* shall *exist* only over those plaintiffs whose claims in a mass action

20  satisfy the [in excess of $75,000] jurisdictional amount.'"  *Abrego*, 443 F.3d at 687

21  (alteration in original) (citing 28 U.S.C. § 1332(d)(11)(B)(i)).  While it is unclear

22  whether each individual plaintiff in a mass action has to meet the $75,000 amount-in-

23  controversy requirement, it is clear that at least one plaintiff must meet that

24  requirement.  *Id.* at 689 ("We do conclude . . . that the case cannot go forward unless

25  there is *at least* one plaintiff whose claims can remain in federal court.").

26

27  _____

    [1]  Otay is a California corporation with its principal place of business in San Diego, California.

28  (Compl. ¶ 6.) Safety Kleen is a Wisconsin corporation with its principal place of business in Plano, Texas.  (Compl. ¶7.)  Minimal diversity therefore exists in this matter.

1    Examining the Complaint and Safety-Kleen's removal papers, the Court finds

2 no evidence suggesting that any class member would be entitled to more than $75,000

3 in damages.  Otay bring this class-action suit for breach of contract; unlawful, unfair,

4 and fraudulent business practices; false and misleading statements; and breach of the

5 duty of good faith and fair dealing because Safety-Kleen charged and collected two

6 unlawful fees: a "fuel surcharge" and a "late payment fee."  (Compl. ¶ 2.)  Otay does

7 not state the amount of the fuel surcharge, but alleges that the late fee is a uniform

8 $25.  (Compl. ¶ 25.)  Neither Otay's Complaint nor Safety-Kleen's removal papers

9 suggest that either of these charges would have resulted in more than $75,000 in

10 damages with respect to Otay or any other putative class member since the date the

11 agreements at issue were entered into in 2008.  (*See* Compl. ¶ 1.)

12    Based on Otay's and Safety-Kleen's allegations thus far, the Court finds that no

13 putative class member's claim—not just under a preponderance, but with legal

14 certainty—could possibly exceed $75,000.  Accordingly, as a regular class-action suit,

15 there is no diversity jurisdiction here under § 1332(a).   The Court therefore

16 **REMANDS** this case to Los Angeles Superior Court for lack of subject-matter

17 jurisdiction.  The Clerk of Court shall close this case.

18    **IT IS SO ORDERED.**

19

20    September 25, 2012

21    _____

22    **OTIS D. WRIGHT, II**
     **UNITED STATES DISTRICT JUDGE**

23

24

25

26

27

28